UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANCIS WANG,

          Plaintiff,

      v.

KIA AMERICA, INC,

          Defendant.

Case No.  25-cv-09425-RFL

**ORDER GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS**

Re: Dkt. No. 15

Plaintiff commenced this action in state court asserting, among other claims, a California Lemon Law claim.  After the California Supreme Court issued its decision in *Rodriguez v. FCA US LLC*, 17 Cal. 5th 189 (2024), Plaintiff amended his complaint to, among other things, remove the Lemon Law claim and assert a federal Magnuson-Moss Warranty Act (the "Act") claim.  Kia then removed the action to this Court, and the parties filed a proposed judgment soon after, which the Court entered.  Plaintiff now moves for an award of attorneys' fees and costs.  (*See* Dkt. No. 15 (the "Motion").)  For the reasons set forth below, the Motion is **GRANTED**.[1]

A plaintiff who prevails in an action "brought under" the Act

> may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate.

*See* 15 U.S.C. § 2310(d)(2).  Kia does not dispute the propriety of awarding fees and costs under

---

[1] All citations to page numbers in filings on the docket refer to ECF page numbers.

1

the Act.  Instead, it argues that Plaintiff may not recover any fees and costs incurred before Plaintiff filed his amended complaint because Plaintiff did not assert a claim under the Act before then.  The work counsel performed before the filing of the amended complaint—litigating this action under the same core facts and theory of harm but in connection with different causes of action—was "reasonably incurred . . . in connection with the commencement and prosecution" of a claim under the Act.  Accordingly, the fees and costs incurred both before and after the filing of the amended complaint are recoverable under the Act.

That recovery includes fees and costs incurred in connection with filing the Motion because "fee-shifting statutes allow for recovery of attorneys' fees incurred in establishing a party's claim for fees."  *Easley v. Collection Serv. of Nev.*, 910 F.3d 1286, 1291 (9th Cir. 2018) (citation omitted); *see also In re Sears, Roebuck & Co. Front-Loading Washer Prods. Liab. Litig.*, No. 06-cv-07023-MMR, 2018 WL 3707804, at *4-6 (N.D. Ill. Aug. 3, 2018) (the Act "gives the Court the authority to award" fees on fees).  Kia urges the Court to exercise its discretion to deny such recovery because Kia submitted two offers on the fees and costs issue that Plaintiff ignored.  The Court declines to do so, as Kia's offers were significantly below the amount now awarded, which is calculated below.

*Amount of Attorneys' Fees.*  "The term 'reasonable attorney's fee' has evolved toward a uniform definition in all federal fee-shifting statutes . . . .  The lodestar method, which requires multiplying a reasonable hourly rate by the number of hours reasonably expended on the case, is the starting point for the calculation of attorney's fees."  *Shirrod v. Dir., Off. of Workers' Comp. Programs*, 809 F.3d 1082, 1086 (9th Cir. 2015) (citations omitted).  Thus, courts apply the lodestar method in calculating attorneys' fees under the Act.  *See Barrio v. Gisa Invs. LLC*, No. 20-cv-00991-PHX, 2021 WL 1947507, at *1 (D. Ariz. May 14, 2021).

Plaintiff submitted counsel's billing records and declarations to support the reasonableness of the hours worked and rates charged.  *See also Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) ("The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed." (citation omitted)).  That evidence

2

is largely unrebutted.  *See also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) ("The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits." (citation omitted)).  The rates charged are also consistent with rates approved by other courts in this District.  *See, e.g.*, *Yarovoy v. Tesla Motors, Inc.*, No. 23-cv-04182-JSC, 2024 WL 2412547, at *4 (N.D. Cal. May 22, 2024) (approving rate of $675 per hour in Lemon Law case); *In re Magsafe Apple Power Adapter Litig.*, No. 09-cv-01911-EJD, 2015 WL 428105, at *12 (N.D. Cal. Jan. 30, 2015) ("In the Bay Area, reasonable hourly rates for partners range from $560 to $800 . . . ." (citations omitted)); *see also Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) ("[B]illing rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." (citations and quotation marks omitted)).

Kia submits no evidence or argument challenging the hourly rates or the number of hours billed, except that Kia argues that it was unreasonable for two attorneys to work on the case.  Kia contends that Plaintiff does not "offer any explanation why one competent attorney could not have fulfilled all of the enumerated functions himself."  (*See* Dkt. No. 17 at 7.)  But there is nothing unusual or unreasonable about multiple attorneys working on a single case together, particularly where each attorney handles discrete aspects of the case.  Kia also points to two billing entries that it argues reflect unreasonable charges:  1.5 hours that Mr. Anderson spent reviewing the decision in *Rodriguez* and "2.4 in 'estimated' hours to fulfill routine administrative tasks post-settlement."  (*See id.*)  Again, there is nothing unreasonable about this work, and the "estimated" characterization appears to refer to the dates that the work in question was performed, not the time billed.  (*See* Dkt. No. 15-3 at 21.)  Moreover, the Court's own review of the billing records confirms that the hours billed are reasonable for the tasks described and do not appear to involve unreasonable duplication or coordination costs.

Thus, the Court accepts the reasonableness of the hours worked and rates charged by

3

Plaintiff's counsel. Mr. Faulk billed for 35.8 hours of work. At a rate of $545 per hour, his fee comes out to $19,511. Mr. Anderson billed for 8.8 hours of work. At a rate of $800 per hour, his fee comes out to $7,040. The lodestar therefore comes out to $26,551.

*Multiplier.* "A strong presumption exists that the lodestar figure represents a reasonable fee, and upward adjustments of the lodestar are proper only in rare and exceptional cases, supported by specific evidence on the record and detailed findings by the district court." *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987) (citations and quotation marks omitted). In evaluating the propriety of a multiplier adjustment, a court considers 12 factors:

> 1. The time and labor required; 2. The novelty and difficulty of the questions; 3. The skill requisite to perform the legal services properly; 4. The preclusion of other employment due to acceptance of the case; 5. The customary fee; 6. The contingent or fixed nature of the fee; 7. The limitations imposed by the client or the case; 8. The amount involved and the results obtained; 9. The experience, reputation, and ability of the attorneys; 10. The undesirability of the case; 11. The nature of the professional relationship with the client; 12. Awards in similar cases.

*See Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993) (citation omitted). The multiplier analysis should consider only those "factors not subsumed in the initial calculation of the lodestar." *See Van Gerwen*, 214 F.3d at 1045 (citations omitted). "The lodestar amount presumably reflects the novelty and complexity of the issues [factor 2], the special skill and experience of counsel [factors 3 and 9], the quality of representation, and the results obtained from the litigation [factor 8]." *Intel*, 6 F.3d at 622 (citation omitted). A court also may not apply a multiplier based on an attorney's use of a contingency fee (factor 6). *See Welch*, 480 F.3d at 947. That leaves the following factors: 1. The time and labor required; 4. The preclusion of other employment due to acceptance of the case; 5. The customary fee; 7. The limitations imposed by the client or the case; 10. The undesirability of the case; 11. The nature of the professional relationship with the client; and 12. Awards in similar cases. Ultimately, the decision whether to apply a multiplier adjustment rests within a district court's "broad discretion to determine the amount of reasonable fees." *See In re Hyundai & Kia Fuel Econ. Litig.*, 926

4

F.3d 539, 572 (9th Cir. 2019) (citation omitted).

As for time and labor, counsel billed a combined less than 45 hours on fairly typical litigation work, which does not strike the Court as justifying a multiplier. As for preclusion of other employment, Plaintiff identifies no foregone work opportunities beyond the ordinary opportunity cost attendant any time an attorney chooses to work on a particular matter. As for customary fee, Kia stated in its notice of removal that "[i]t is not uncommon, and in fact quite regular, for attorneys' fee and cost awards . . . to exceed $100,000 in consumer lawsuits such as this one" and that "[a]ttorneys' fees are usually considered to be at least $35,000." (*See* Dkt. No. 1 at 6.) Those admissions suggest that the lodestar calculated above is low and should be enhanced. As for limitations imposed by the client or the case, there don't appear to be any, and Plaintiff identifies none. As for undesirability of the case, again, this factor does not appear to be implicated, and Plaintiff does not argue otherwise. As for the nature of the professional relationship with the client, Plaintiff identifies nothing atypical about his attorney-client relationship with counsel. As for awards in similar cases, Plaintiff points to several cases involving ostensibly similar claims where courts awarded fees far in excess of what Plaintiff seeks here. (*See* Motion at 18-19.) Plaintiff does not, however, explain why the work performed in those cases is comparable to the work performed here (*e.g.*, how long those cases lasted, whether counsel there performed work at similar procedural postures to the work performed here).

Thus, the customary fee factor (as admitted by Kia in its notice of removal) appears to be the only factor weighing in favor of an enhancement. Accordingly, the Court finds a multiplier of approximately 1.32 to be appropriate, which results in an enhanced fee award of $35,000.

*Costs.* Plaintiff seeks to recover about $1,200 in costs. In a separately filed bill of costs, Plaintiff sought to recover the same costs, and the Clerk taxed $18.34 in costs. (*See* Dkt. Nos. 14, 20.) In opposing an award of costs, Kia incorporates its objection to the bill of costs. There, Kia argued that the request should be denied because Plaintiff did not "state separately and specifically each item of taxable costs claimed." (*See* Dkt. No. 16 at 2 (citing Civil Local Rule

54-1(a)).)  In connection with the Motion, however, Plaintiff did so.  (*See* Dkt. No. 15-3 at 23.)  Accordingly, the Court will award Plaintiff all of his claimed costs, less the $18.34 already taxed.

*Conclusion.*  For the foregoing reasons, the Motion is **GRANTED**.  Plaintiff is awarded $35,000 in attorneys' fees and $1,167.27 in costs.

**IT IS SO ORDERED.**

Dated: January 23, 2026

RITA F. LIN
United States District Judge

6